# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ALABAMA
# SOUTHERN DIVISION

| | |
|---|---|
| JACQUELINE SMITH, | ) |
| Plaintiff, | ) |
| v. | ) CIVIL ACTION 17-0487-WS-C |
| HIGHBANK CAPITAL PARTNERS, LLC, | ) |
| Defendant. | ) |

## ORDER

This matter comes before the Court on the Motion to Set Aside Clerk's Entry of Default (doc. 12) filed by defendant, Highbank Capital Partners, LLC ("Highbank").

On November 3, 2017, plaintiff, Jacqueline Smith, filed a Complaint (doc. 1) against Highbank alleging violations of the overtime compensation requirements of the Fair Labor Standards Act, 29 U.S.C. §§ 201 *et seq.* A return of service reflected that Smith had perfected service of process on Highbank via process server on January 8, 2018. (*See* doc. 5.) As time passed, Highbank never appeared, pleaded or otherwise defended herein. Ultimately, on February 27, 2018, the Court entered an Order (doc. 10) granting Smith's Motion for Default (doc. 8), and directing the Clerk of Court to enter default against Highbank pursuant to Rule 55(a), Fed.R.Civ.P. On February 28, 2018, a Clerk's Entry of Default (doc. 11) was entered against Highbank, with notice transmitted to Highbank's counsel of record in other FLSA matters pending in this District Court.

Exactly one week later, on March 7, 2018, Highbank filed a Motion to Set Aside Clerk's Entry of Default pursuant to Rule 55(c), Fed.R.Civ.P. As grounds for the Motion, Highbank indicates that its failure to plead or defend in this matter was inadvertent. Specifically, Highbank explains that it was confused by plaintiff's filing both this action and an identical FLSA action styled *Jacqueline Mitchell v. Highbank Capital Partners, LLC*, Civil Action 18-0069-WS-MU. (Jacqueline Smith and Jacqueline Mitchell appear to be the same person.) Simply put, Highbank failed to recognize that there were two distinct, pending actions involving this plaintiff, and therefore failed to appear and defend in this case because it believed its activity in the *Jacqueline Mitchell* matter was sufficient. In further support of its Motion to Set Aside, Highbank represents that plaintiff's counsel consents to the setting aside of the default in this matter.

As a general proposition, "there is a strong policy of determining cases on their merits and we therefore view defaults with disfavor." *In re Worldwide Web Systems, Inc.*, 328 F.3d 1291, 1295 (11th Cir. 2003); *see also Surtain v. Hamlin Terrace Foundation*, 789 F.3d 1239, 1244-45 (11th Cir. 2015) ("Because of our strong policy of determining cases on their merits, … default judgments are generally disfavored.") (citation and internal quotation marks omitted). The Federal Rules of Civil Procedure provide that a court "may set aside an entry of default for good cause." Rule 55, Fed.R.Civ.P. The Eleventh Circuit has explained that, in this context, "'good cause' is not susceptible to a precise formula …. [C]ourts generally consider whether the default was culpable or willful, whether setting it aside would prejudice the non-moving party, and whether the defaulting party may have a meritorious defense." *Perez v. Wells Fargo, N.A.*, 774 F.3d 1329, 1337 n.7 (11th Cir. 2014) (citations omitted). "Also relevant to whether good cause exists is whether the defaulting party promptly corrected the default." *Parker v. U.S. Bank Nat'l Ass'n*, 580 Fed.Appx. 776, 777 (11th Cir. Sept. 18, 2014).

Based on the facts and circumstances presented, the Court readily determines that Highbank has met its burden of showing good cause to set aside its default. Highbank's failure timely to appear and defend in this matter appears to have been the product of a simple misunderstanding arising from plaintiff's filing of a second, identical complaint under a different name in this District Court. Moreover, setting aside the default would work no prejudice on Smith; indeed, she has consented to the requested relief. It appears that Highbank may have meritorious defenses to Smith's FLSA claims. And Highbank acted promptly to set aside the default, filing its Rule 55(c) Motion within a week of the Clerk's Entry of Default.

For all of these reasons, as well as the federal courts' strong policy of resolving disputes on the merits, the Court is satisfied that the requisite "good cause" exists under Rule 55(c) to set aside the default. Accordingly, defendant Highbank Capital Partners, LLC's Motion to Set Aside Clerk's Entry of Default (doc. 12) is **granted**. The Clerk's Entry of Default (doc. 11) is hereby **set aside** pursuant to Rule 55(c), Fed.R.Civ.P. Defendant's answer or other responsive pleading must be filed on or before **March 22, 2018**.

DONE and ORDERED this 8th day of March, 2018.

                                            s/ WILLIAM H. STEELE
                                            UNITED STATES DISTRICT JUDGE