IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| JACQUELINE SMITH, | ) |
| | ) |
|     Plaintiff, | ) |
| | ) |
| v. | ) CIVIL ACTION 17-0487-WS-C |
| | ) |
| HIGHBANK CAPITAL PARTNERS, LLC, | ) |
| | ) |
|     Defendant. | ) |

**ORDER**

This matter comes before the Court on the parties' Joint Motion for Approval of Settlement Agreement and for Dismissal (doc. 25).

**I.    Procedural History.**

Plaintiff, Jacqueline Smith, by and through counsel, brought this action against her former employer, Highbank Capital Partners, LLC. Smith contended that Highbank violated the Fair Labor Standards Act, 29 U.S.C. §§ 201 *et seq.* ("FLSA"), by failing to pay her overtime compensation as required by the statute. In particular, Smith alleged that, on average, she worked approximately 55 hours per week for Highbank in her capacity as customer service representative from June 2016 through February 2017. Smith further alleged that Highbank was well aware that she was working in excess of 40 hours per week without receiving appropriate overtime compensation. For its part, Highbank acknowledged that it may have inadvertently failed to calculate and pay Smith overtime for certain hours worked; however, it disputed and expressly denied the amounts claimed by Smith.

Despite their substantial disagreements as to the extent of any violations of the FLSA overtime pay requirements and whether such violations were willful, the parties, by and through counsel, diligently engaged in good-faith, arm's-length early settlement negotiations (including limited discovery and exchange of information). On June 21, 2018, the parties filed a Joint Notice of Settlement (doc. 23) in which they announced that they had reached an agreement resolving Smith's claims in their entirety. In light of those developments, and as required by applicable law, the parties now seek judicial approval of their proposed settlement.

## II. Analysis.

### A. *Statutory Requirement of Judicial Approval of FLSA Settlements.*

In the overwhelming majority of civil actions brought in federal court, settlements are not subject to judicial oversight, scrutiny or approval. However, FLSA settlements must be handled differently. *See, e.g., Moreno v. Regions Bank*, 729 F. Supp.2d 1346, 1348 (M.D. Fla. 2010) ("Settlement of an action under the FLSA stands distinctly outside the practice common to, and accepted in, other civil actions."). This is because "Congress made the FLSA's provisions mandatory; thus, the provisions are not subject to negotiation or bargaining between employers and employees." *Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350, 1352 (11th Cir. 1982). "Despite this general rule, an employer and an employee may settle a private FLSA suit under the supervision of the district court" where there is a "bona fide dispute over FLSA coverage." *Hogan v. Allstate Beverage Co.*, 821 F. Supp.2d 1274, 1281 (M.D. Ala. 2011). The mechanics of such a settlement are that "[w]hen employees bring a private action for back wages under the FLSA, and present to the district court a proposed settlement, the district court may enter a stipulated judgment after scrutinizing the settlement for fairness." *Lynn's Food*, 679 F.2d at 1353.

Where, as here, a district court is asked to approve an FLSA settlement between private litigants, the court's responsibility is to ascertain whether the parties' negotiated resolution comports with the statute's terms. *See, e.g., Nall v. Mal-Motels, Inc.*, 723 F.3d 1304, 1307-08 (11th Cir. 2013) ("[t]he purposes of the FLSA are undermined whenever an employer is allowed to escape liability for violations of the statute"); *Miles v. Ruby Tuesday, Inc.*, 799 F. Supp.2d 618, 622-23 (E.D. Va. 2011) ("the reason judicial approval is required for FLSA settlements is to ensure that a settlement of an FLSA claim does not undermine the statute's terms or purposes"). A settlement may be approved upon confirmation that "employees have received all uncontested wages due and that they have received a fair deal regarding any additional amount that remains in controversy." *Hogan*, 821 F. Supp.2d at 1282. Thus, the touchstone of the inquiry is whether the proposed settlement "constitutes a fair and reasonable compromise of a *bona fide* FLSA dispute." *Crabtree v. Volkert, Inc.*, 2013 WL 593500, *3 (S.D. Ala. Feb. 14, 2013).

The caveat to such judicial oversight is that "[i]n reviewing FLSA settlements under *Lynn's Food*, courts should be mindful of the strong presumption in favor of finding a settlement fair." *Parker v. Chuck Stevens Chevrolet of Atmore, Inc.*, 2013 WL 3818886, *2 (S.D. Ala. July

23, 2013) (citations and internal quotation marks omitted); *see also Wingrove v. D.A. Technologies, Inc.*, 2011 WL 7307626, *2 (N.D. Ga. Feb. 11, 2011) (recognizing "strong presumption" that FLSA settlements are fair and reasonable). Such deference is warranted because "the Court is generally not in as good a position as the parties to determine the reasonableness of an FLSA settlement" and "[i]f the parties are represented by competent counsel in an adversary context, the settlement they reach will, almost by definition, be reasonable." *Bonetti v. Embarq Management Co.*, 715 F. Supp.2d 1222, 1227 (M.D. Fla. 2009).

### B. *Fairness/Reasonableness of Settlement.*

The parties' filings reflect that this action does, indeed, involve a *bona fide* dispute as to the extent to which Smith is owed unpaid overtime compensation under the FLSA. The information before the Court at this time supports a determination that the validity of plaintiff's FLSA claims is actually, reasonably contested by Highbank, thereby giving rise to the possibility of a *Lynn's Food* compromise of those disputed claims.

Against this backdrop of litigation uncertainty, the parties negotiated a settlement to resolve these FLSA claims. In her Notice of Filing Answers to Court's Interrogatories, Smith stated that, based on her calculations, she estimated that the amount Highbank owed her was "approximately $2,376.00 … plus an equal amount of liquidated damages for a total of $4,752.00." (Doc. 21, at #6.e.) Highbank has agreed to pay those precise sums in full to Smith to settle her FLSA claims. Indeed, the Settlement Agreement and Release of Claims confirms that Highbank will provide Smith a check for $2,376.00 for all alleged unpaid wages, plus a separate check for $2,376.00 for liquidated damages. (Doc. 25, Exh. A at 2-3.) Defendant will also make a separate payment of $4,500 for Smith's attorney's fees and costs, compensating her legal team in a manner commensurate with their claimed hourly rates (as to the reasonableness of which the undersigned expresses no opinion).

In conducting the mandatory *Lynn's Food* fairness review of the proposed settlement, the Court finds that numerous factors favor approval here. First, the court file reflects that this settlement was the product of arm's-length, good-faith negotiations, with each side represented by counsel and exchanging information to facilitate the informed evaluation of settlement proposals for a period of months. Second, and importantly, this agreement would result in Smith receiving 100 cents on the dollar for her FLSA claims. As the parties observe, "Plaintiff is receiving full back pay for Plaintiff's overtime claims, together with full liquidated damages, the

maximum Plaintiff could have received at trial." (Doc. 25, ¶ 8.) Third, while attorney's fee settlements in FLSA cases may be problematic for a *Lynn's Food* analysis where the attorney's fee payment adversely impacts the plaintiff's recovery, there is no indication and no reason to believe that such is the case here. To the contrary, the parties expressly represent that "[t]he amounts received by Plaintiff's counsel do not act as a reduction in the amount Plaintiff is receiving for her overtime claims." (*Id.*) Based on these considerations, the Court has no qualms or reservations about approving this settlement as fair and reasonable to Smith. Specifically, the undersigned is satisfied that the parties' agreed-upon settlement is a fair and reasonable resolution of a *bona fide* dispute as to the FLSA cause of action, for purposes of *Lynn's Food* and its progeny. The proposed attorney's fee award to plaintiff's counsel elicits no concerns that counsel is being compensated inadequately or that a conflict of interest has tainted the amount received by Smith (*i.e.,* that Smith's recovery on her FLSA claims has been adversely affected by the fees paid to her attorneys). As a result of the parties' agreement, no uncontested wages will remain unpaid. In short, and with due regard for the strong presumption in favor of finding FLSA settlements reasonable when negotiated by competent counsel in an adversary context, the Court concludes that the proposed settlement represents a fair deal to resolve and settle Smith's FLSA claims.

**III. Conclusion.**

For all of the foregoing reasons, it is **ordered** as follows:

1. The parties' Joint Motion for Approval of Settlement Agreement (doc. 25) is **granted**, and the settlement of Smith's FLSA claims is **approved** as fair and reasonable pursuant to the analysis required by the Eleventh Circuit in *Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350 (11th Cir. 1982); and

2. To effectuate the terms of the parties' Settlement Agreement, the parties are **ordered** to file an appropriate joint stipulation of dismissal pursuant to Rule 41(a), Fed.R.Civ.P., once payment has been made.

DONE and ORDERED this 6th day of July, 2018.

                              s/ WILLIAM H. STEELE
                              UNITED STATES DISTRICT JUDGE